UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**DENNIS RAY DAVIS, JR.**              CIVIL ACTION NO. 20-138-P

**VERSUS**                              CHIEF JUDGE HICKS

**ROBERT BOBBY WYCHE, JR., ET AL.**    MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Dennis Ray Davis, Jr., pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on January 28, 2020. Petitioner is incarcerated in the Madison Parish Correctional Center in Tallulah, Louisiana. He names Robert Bobby Wyche, Rickey Farss, Thomas Englade, Yolanda Williams, Theresa Ruffin, Cheryl Stills, the Caddo Correctional Center, the Caddo Parish District Attorney's Office, James E. Stewart, Sr., Wilbert Pyor, Charles G. Tutt, Charles K. Parr, Senea D. Hall, Kodie Smith, Mekisa Smith Creel, the Caddo Parish Clerk of Court, Mike Spence, Dianna Doughtery, Famon Blaney, C. Wallace, and Brady Dennis O'Callahan as respondents.

On June 15, 2017, Petitioner was convicted of DWI 4th [Docket # 341,453] in the Louisiana First Judicial District Court, Parish of Caddo. On September 28, 2017, he was

sentenced to 23 years imprisonment at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence.

The court cannot determine the precise grounds Petitioner is raising in support of his application. Petitioner was ordered to amend his petition and submit the grounds he was raising in support of his application [Doc. 2]. Petitioner responded to the court's Memorandum Order and filed 567 pages of exhibits and memorandums related to this petition and other criminal charges and convictions [Docs. 14 and 42]. It appears Petitioner is raising the following grounds in support of his petition: (1) he was falsely imprisoned; (2) he received ineffective assistance of counsel; (3) prosecutorial misconduct; and (4) insufficient evidence because several of his predicate DWIs were dismissed.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged

constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

When a habeas petition includes both exhausted claims and unexhausted claims, the district court must dismiss the entire "mixed petition." Murphy v. Johnson, 110 F.3d 10, 11, (5th Cir. 1997), quoting, Rose v. Lundy, 455 U.S. at 522, 102 S.Ct. at 1205; Graham v. Johnson, 94 F.3d 958, 968 (5th Cir. 1996).

Petitioner has not exhausted his available state court remedies as to the claims presented in this petition. Although Petitioner submitted numerous exhibits, he has failed to demonstrate that all his claims were properly raised in the state courts. Thus, Petitioner did not exhaust his state court remedies prior to filing his petition in this court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 2nd day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge